IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE:

COLLEEN TRACY RICHNER,

        Debtor

COLLEEN TRACY RICHNER,

        Plaintiff

v.

DITECH FINANCIAL, LLC,

        Defendant

CHAPTER 13

CASE NO. 5:12-bk-02881-JJT

ADVERSARY NO.

## COMPLAINT

### I.      Introduction

1.      In May of 2012, Ms. Richner filed a Chapter 13 case to cure an arrears on a loan that was secured by a mortgage ("the Mortgage Loan") on the family residence and farm. Since then, she has been a model Chapter 13 debtor, who completed five years of payments to the trustee and of direct regular mortgage payments. All payments to the trustee and the secured lender were made on time. Nevertheless, after the trustee filed a Notice of Final Cure Payment, Defendant filed a response in which it falsely asserted that Ms. Richner's mortgage was over $3,000.00 in arrears. In fact, at the time that Defendant filed that response, the Mortgage Loan was paid *ahead* by two months.

2.      Plaintiff alleges claims for violations of the bankruptcy confirmation order as made binding by 11 U.S.C. § 1327, the discharge injunction, the automatic stay, the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 ("FDCPA"), and the Pennsylvania Fair Credit Extension Uniformity Act, 73 P.S. § 2270, et seq. ("FCEUA").

1

## II.     Jurisdiction

3.     The claims for violations of the confirmation order, the discharge injunction and the automatic stay invoke substantive rights provided by Title 11 and can arise only in the context of a bankruptcy case. These claims are core and jurisdiction over these claims is proper in the bankruptcy court pursuant to 28 U.S.C. § 157(b)(1).

4.     The remaining claims are not core and are not related to the underlying bankruptcy proceeding. The bankruptcy court does not have jurisdiction over these claims. At an appropriate time Plaintiff will file a motion to withdraw the reference with respect to these claims. The district court will have original jurisdiction over the FDCPA claim under 15 U.S.C. § 1692k and will have supplemental jurisdiction over the remaining claim.

5.     With respect to each claim where the bankruptcy court enjoys jurisdiction, the pleader consents to the entry of final orders and judgment by the bankruptcy court.

6.     This adversary proceeding relates to the case of *In re Colleen Richner*, which is a Chapter 13 case pending in this district and division at docket 5:12-bk-02881-JJT. Venue in this district is proper as Defendant transacts business here and the conduct complained of occurred here.

## III.     Parties

7.     Plaintiff, Colleen Richner, is a natural person residing at 2321 Bethany Turnpike, Pleasant Mount, Wayne County, Pennsylvania 18453. The real estate situated at this address is hereafter referred to as "the Residence."

8.     Defendant, Ditech Financial, LLC, ("Ditech") is a Delaware limited liability company that is the servicer of the Mortgage Loan. On the transfer of claim that Ditech filed in the bankruptcy case (Doc. 61), Ditech indicated that notices should be sent to: Ditech

Financial LLC fka Green Tree Servicing LLC, P.O. Box 6154, Rapid City, South Dakota 57709-6154.

### IV.     Statement of Claim

9.     When Plaintiff filed her bankruptcy case, the Mortgage Loan was being serviced by Bank of America, N.A. (see Proof of Claim 6).

10.     Plaintiff proposed a Chapter 13 plan which would cure the arrears on the Mortgage Loan pursuant to 11 U.S.C. § 1322(b)(5), and pursuant to which Plaintiff would maintain direct regular post-petition payments. This plan was confirmed. Although the plan was subsequently modified, the treatment of the Mortgage Loan was not changed. A copy of the modified plan is attached as Exhibit A.

11.     Thereafter, effective May 1, 2014, the servicing for the Mortgage Loan was transferred to Green Tree Servicing, LLC, which subsequently merged with some other companies to form Defendant.

12.     The debtor completed her payments to the trustee's office in January of 2017.

13.     On February 16, 2017, the trustee served Defendant with a Notice of Final Cure Payment. A copy of this document is attached as Exhibit B.

14.     On March 7, 2017, Defendant filed a Response to Notice of Final Cure Payment. A copy of this document is attached as Exhibit C.

15.     Defendant's response asserted that $3,025.12 of post-petition amounts remained due on the Mortgage Loan.

16.     However, on March 7, 2017, no post-petition amounts were actually due on the mortgage.

3

17.     Instead, on that date the next payment on the mortgage was not due until at least June 1, 2017.

18.     On March 28, 2017, Plaintiff filed *Debtor's Motion to Determine Final Cure and Mortgage Payment Rule 3002.1*. A copy of this document is attached as Exhibit D.

19.     On May 5, 2017, Defendant filed *Amended Response to Notice of Final Cure Payment Filed On: 02/16/2017* ("the Amended Response"). A copy of this document is attached as Exhibit E.

20.     In its Amended Response, Defendant admitted that the Mortgage Loan was **paid ahead by two months**, and specifically admitted all of the following:

a.  Debtor had paid in full the amount required to cure the pre-petition default;

b.  Debtor was "current with all post-petition payments consistent with § 1322(b)(5) of the Bankruptcy Code, including all fees, charges, expenses, escrow, and costs"; and

c.   "As of May 5, 2017, the next post-petition payment is due: 08/01/2017."

21.     On May 11, 2017, the Court entered an order approving a stipulation that the parties had filed. A copy of this order is attached as Exhibit F.

22.     The order, *inter alia*, provided that:

a.  *Debtor's Motion to Determine Final Cure and Mortgage Payment Rule 3002.1* would be withdrawn, and

b.  The Amended Response would be binding on Defendant for all purposes.

23.     Thus, Defendant's admission that "[a]s of May 5, 2017, the next post-petition payment is due: 08/01/2017" is binding on Defendant in this matter.

24.	On May 15, 2017, Defendant sent a statement to Plaintiff. A copy of this document is attached as Exhibit G.

25.	The May 15, 2017 statement confirmed that the next payment was due on August 1, 2017.

26.	On June 2, 2017, Defendant received a payment from Plaintiff in the amount of $2,082.77.

27.	On June 13, 2017, Defendant sent a statement to Plaintiff. A copy of this document is attached as Exhibit H.

28.	The June 13, 2017 statement confirmed that the next payment was due on September 1, 2017.

29.	On July 3, 2017, Defendant received a payment from Plaintiff in the amount of $2,082.77.

30.	On July 5, 2017, Defendant sent a statement to Plaintiff. A copy of this document is attached as Exhibit I.

31.	The July 5, 2017 statement confirmed that the next payment was due on October 1, 2017.

32.	On August 2, 2017, Defendant received a payment from Plaintiff in the amount of $2,082.77.

33.	After application of this payment, the next payment that Plaintiff owed was due on November 1, 2017.

34.	On August 4, 2017, Defendant sent a statement to Plaintiff. A copy of this document is attached as Exhibit J.

**35.     However, the August 4, 2017 statement alleged that the next payment was due on September 1, 2017.**

36.     On September 5, 2017, Defendant received a payment from Plaintiff in the amount of $2,082.77.

37.     After application of this payment, the next payment that Plaintiff owed was due on December 1, 2017.

38.     On September 6, 2017, Defendant sent a statement to Plaintiff. A copy of this document is attached as Exhibit K.

**39.     However, the September 6, 2017 statement alleged that the next payment was due on October 1, 2017.**

40.     The foregoing paragraphs are incorporated by reference in each of the following counts.

*Count 1 - Confirmation Order*

41.     Plaintiff's bankruptcy plan provides that upon the completion of the payment of the arrears and the maintenance of regular payments, that Plaintiff would be reinstated on the original payment schedule for the mortgage as if no default had ever occurred. See Exhibit A, p. 11, ¶ 8.A.(7)(e).

42.     In December of 2016, Defendant received the final payment from the trustee's office to cure the arrears.

43.     At the time that Defendant received that payment, Plaintiff was also current on all post-petition payments.

44.     Thus, in December of 2016 the plan required Defendant to reinstate the Mortgage Loan on the original payment schedule as though no default had ever occurred.

45.     Defendant failed to reinstate the Mortgage Loan as required by the plan.

46.     This failure was a violation of 11 U.S.C. § 1327(a).

47.     A party may use 11 U.S.C. § 105(a) to enforce rights under 11 U.S.C. §

1327(a). *Padilla v. GMAC Mortg. Corp. (In re Padilla)*, 389 B.R. 409 (Bankr. E.D. Pa. 2008).

WHEREFORE, Plaintiff demands from Defendant, pursuant to 11 U.S.C. § 105(a),

actual damages, including costs and attorneys' fees, and punitive damages.

*Count 2 – Discharge Injunction*

48.     Defendant willfully failed to credit payments received under the confirmed

plan.

49.     The order confirming the plan had not been revoked, the plan was never in

default, and Defendant received the payments required to be made under the plan in the

manner required by the plan.

50.     Defendant's failure to properly credit the payments caused material injury to

Plaintiff.

51.     Among other material injuries, the failure to properly credit the payments

resulted in a higher payoff balance for the debtor and therefore a larger lien on the debtor's

property than if the payments had been credited properly. See *In re Scott*, 2015 WL

9986691, at *5 (Bankr. N.D. Okla. July 28, 2015)(quoting 4 *Collier on Bankruptcy* ¶ 524.08

at 524-64.3-64.4 (Alan N. Resnick & Henry J. Sommer eds., 16th ed.)

52.     The failure is a violation of 11 U.S.C. §§ 524(i) and (a)(2).

WHEREFORE, Plaintiff requests an order finding Defendant to be in civil contempt

of this Court pursuant to 11 U.S.C. § 524(a)(2), and awarding Plaintiff actual damages,

punitive damages, and costs.

*Count 3 – Automatic Stay*

53.     Plaintiff's post-petition income was used to make the post-petition payments on the Mortgage Loan.

54.     Plaintiff's post-petition income was also used to make the payments to the trustee. Some of those payments were forwarded to Defendant for application to the pre-petition arrearage on the Mortgage Loan.

55.     Plaintiff's post-petition income was property of the bankruptcy estate.

56.     Defendant exercised improper control over this property by improperly applying the post-petition payments received from Plaintiff and the pre-petition payments received from the Trustee.

57.     The confirmed plan, binding upon Defendant pursuant to 11 U.S.C. § 1327, specified the extent to which Defendant could properly exercise control over payments made by the Debtor, and acts in contravention of that plan may violate the automatic stay. See *In re Mattox*, 2011 WL 3626762, at *6 (Bankr. E.D. Ky. Aug. 17, 2011).

58.     The failure to properly credit payments received under a confirmed plan could violate 11 U.S.C. §§ 362(a)(3), (4), (5), or (6). *In re Galloway*, 2010 WL 364336, at *5 (Bankr. N.D. Miss. Jan. 29, 2010)

59.     Defendant violated 11 U.S.C. §§ 362(a)(3)-(a)(6).

WHEREFORE, Plaintiff demands judgment against Defendant for actual damages, punitive damages, attorney's fees, costs, and such other and further relief as the Court deems just and proper.

*Count 4 - Fair Debt Collections Practices Act*

60.     Plaintiff is a "consumer" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(3).

61.      When Green Tree Servicing, LLC obtained the servicing rights for the Mortgage Loan, the Mortgage Loan was in default.

62.     When Green Tree Servicing, LLC merged with other companies to form Defendant, the Mortgage Loan was in default.

63.     When the servicing rights for the Mortgage Loan were obtained by Defendant, the Mortgage Loan was in default.

64.     Defendant regularly uses the mail in its business.

65.     The principal purpose of Defendant's business is the collection of debts.

66.     Defendant regularly attempts to collect debts asserted to be due to another.

67.     The August 4, 2017 statement attached as Exhibit J, and the September 6, 2017 statement attached as Exhibit K, were attempts to collect the Mortgage Loan.

68.     Defendant violated 15 U.S.C. §§ 1692e and e(2) by falsely representing the character, amount, and legal status of the Mortgage Loan.

WHEREFORE, Plaintiff demands judgment against Defendant for actual damages, statutory damages, attorney's fees, costs, and such other and further relief as the Court deems just and proper.

9

## Count 5 - Fair Credit Extension Uniformity Act

69.     Plaintiff is a "consumer" as that term is defined by the FCEUA, 73 P.S. § 2270.3.

70.     The Mortgage Loan is for an actual or alleged past due obligation, claim or other similar liability of Plaintiff to pay money arising out of a single account as a result of a loan of money or extension of credit which was obtained primarily for personal, family or household purposes.

71.     The Mortgage Loan is a "debt" as that term is defined by the FCEUA, 73 P.S. § 2270.3.

72.     Defendant is a person to whom the Mortgage Loan is owed or alleged to be owed.

73.     Defendant is a "creditor" as that term is defined by the FCEUA, 73 P.S. § 2270.3.

74.     Defendant violated 73 P.S. § 2270.4(b)(5)(ii) by falsely representing the character, amount, and legal status of the Mortgage Loan.

75.     The conduct described above violates the FCEUA, 73 P.S. § 2270, et seq., and by application of subsection 2270.5(a) thereby also constitutes a violation of the Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201, *et seq*. ("UTPCPL").

76.     Plaintiff has suffered actual damages and ascertainable loss caused by Defendant's violation of the FCEUA and UTPCPL.

WHEREFORE, Plaintiff demands judgment against Defendant for actual damages, treble damages, punitive damages, injunctive relief, attorney's fees, costs, and such other and further relief as the Court deems just and proper.

## V.     Jury Trial Demand

Plaintiff demands a jury trial as to all claims so triable.


s/ Carlo Sabatini

Carlo Sabatini, Attorney for Plaintiff
Sabatini Law Firm, LLC
216 N. Blakely St.
Dunmore, PA 18512
Phone (570) 341-9000
Facsimile (570) 504-2769
Email ecf@bankruptcypa.com
Bar Number PA 83831