IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | Chapter 13 |
| COLLEEN TRACY RICHNER, | Case No.: 5:12-bk-02881-JJT |
| Debtor. | Adversary No: 5:17-ap-00164-JJT |
| COLLEEN TRACY RICHNER, | |
| Plaintiff, | Related to Doc. No.: 2 |
| vs. | |
| DITECH FINANCIAL, LLC, | |
| Defendant. | |

## ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

COMES NOW Ditech Financial LLC ("Defendant" or "Ditech"), by and through its undersigned counsel, and files the within Answer and Affirmative Defenses to the Complaint Seeking Damages in Core Adversary Proceeding filed by Plaintiff Colleen Tracy Richner ("Plaintiff"), and in support thereof, states as follows:

### I.     Introduction[1]

1.     Ditech admits that on May 10, 2012, Colleen Tracy Richner filed a voluntary petition for relief under chapter 13 of title 11 of the United States Code, 11 U.S.C. § 101 *et seq.* ("Bankruptcy Code"), in the United States Bankruptcy Court for the Middle District of Pennsylvania (the "Bankruptcy Court") at case number 12-02881-JJT ("Bankruptcy Case"). The remainder of Paragraph 1 contains legal conclusions to which no response is required. To the extent any response is required, those allegations are denied.

---

[1] References to headings from the Complaint and are meant solely for the Court's ease of reference. References to headings in no way constitute admissions of the facts, allegations, or conclusions stated in those headings.

2. The allegations of paragraph 2 of the Complaint are conclusions of law to which no response is required.

## II. Jurisdiction

3. The allegations of paragraph 3 of the Complaint are conclusions of law to which no response is required.

4. The allegations of paragraph 4 of the Complaint are conclusions of law to which no response is required.

5. Paragraph 5 of the Complaint is a statement of Plaintiff's consent to the Bankruptcy Court's entry of final orders and judgments to which no response is required.

6. The allegations of paragraph 6 of the Complaint are conclusions of law to which no response is required.

## III. Parties

7. The allegations of paragraph 7 of the Complaint are admitted.

8. Ditech admits that it is a Delaware limited liability company and has a business location at 3000 Bayport Drive, Suite 880, Tampa, Florida 33607. The remaining allegations of paragraph 8 refer to a written document which speaks for itself and to which no response is required. To the extent a response is deemed to be required, Ditech denies any allegations inconsistent with that written document.

9. The allegations of paragraph 9 refer to a written document which speaks for itself and to which no response is required. To the extent a response is deemed to be required, Ditech denies any allegations inconsistent with that written document.

10. Ditech admits that a chapter 13 plan was confirmed in this case and proposed to pay the arrears claim in full within the five (5) year plan and post-petition payments were to be

paid directly by Plaintiff outside of the plan. The remaining allegations of paragraph 10 refer to a written document which speaks for itself and to which no response is required. To the extent a response is deemed to be required, Ditech denies any allegations inconsistent with that written document.

11. Ditech admits that the Claim was subsequently transferred from Bank of America to EverBank, from EverBank to Green Tree Servicing, LLC, and from Green Tree Servicing, LLC to Ditech, evidenced by Notices of Transfer of Claim filed on July 19, 2013, May 20, 2014, and March 3, 2017.

12. Ditech admits that on February 22, 2017, the Chapter 13 Trustee filed his Final Report and Account, which speaks for itself. Ditech denies any allegations inconsistent with that written document.

13. The allegations of paragraph 13 of the Complaint refer to a written document which speaks for itself and to which no response is required. To the extent a response is deemed to be required, Ditech denies any allegations inconsistent with that written document.

14. The allegations of paragraph 14 of the Complaint refer to a written document which speaks for itself and to which no response is required. To the extent a response is deemed to be required, Ditech denies any allegations inconsistent with that written document.

15. The allegations of paragraph 15 of the Complaint refer to a written document which speaks for itself and to which no response is required. To the extent a response is deemed to be required, Ditech denies any allegations inconsistent with that written document.

16. The allegations of paragraph 16 of the Complaint consist of legal conclusions to which no response is required. To the extent a response is deemed to be required, Ditech denies the allegations.

17. The allegations of paragraph 17 of the Complaint consist of legal conclusions to which no response is required. To the extent a response is deemed to be required, Ditech denies the allegations.

18. The allegations of paragraph 18 of the Complaint refer to a written document which speaks for itself and to which no response is required. Ditech denies any allegations inconsistent with that written document.

19. The allegations of paragraph 19 of the Complaint refer to a written document which speaks for itself and to which no response is required. Ditech denies any allegations inconsistent with that written document.

20. The allegations of paragraph 20 of the Complaint refer to a written document which speaks for itself and to which no response is required. Ditech denies any allegations inconsistent with that written document.

21. The allegations of paragraph 21 of the Complaint refer to a written document which speaks for itself and to which no response is required. Ditech denies any allegations inconsistent with that written document.

22. The allegations of paragraph 22 of the Complaint refer to a written document which speaks for itself and to which no response is required. Ditech denies any allegations inconsistent with that written document.

23. The allegations of paragraph 23 of the Complaint refer to a written document which speaks for itself and to which no response is required. Ditech denies any allegations inconsistent with that written document.

24. The allegations of paragraph 24 of the Complaint refer to a written document which speaks for itself and to which no response is required. Ditech denies any allegations inconsistent with that written document.

25. The allegations of paragraph 25 of the Complaint refer to a written document which speaks for itself and to which no response is required. Ditech denies any allegations inconsistent with that written document.

26. It is admitted that on or about June 2, 2017, Ditech received a payment of $2,082.77.

27. The allegations of paragraph 27 of the Complaint refer to a written document which speaks for itself and to which no response is required. Ditech denies any allegations inconsistent with that written document.

28. The allegations of paragraph 28 of the Complaint refer to a written document which speaks for itself and to which no response is required. Ditech denies any allegations inconsistent with that written document.

29. It is admitted that on or about July 3, 2017, Ditech received a payment of $2,082.77.

30. The allegations of paragraph 30 of the Complaint refer to a written document which speaks for itself and to which no response is required. Ditech denies any allegations inconsistent with that written document.

31. The allegations of paragraph 31 of the Complaint refer to a written document which speaks for itself and to which no response is required. Ditech denies any allegations inconsistent with that written document.

32. It is admitted that on or about August 2, 2017, Ditech received a payment of $2,082.77.

33. The allegations of paragraph 33 of the Complaint state a legal conclusion to which no response is required.

34. The allegations of paragraph 34 of the Complaint refer to a written document which speaks for itself and to which no response is required. Ditech denies any allegations inconsistent with that written document.

35. The allegations of paragraph 35 of the Complaint refer to a written document which speaks for itself and to which no response is required. Ditech denies any allegations inconsistent with that written document.

36. It is admitted that on or about September 5, 2017, Ditech received a payment of $2,082.77.

37. The allegations of paragraph 37 of the Complaint state a legal conclusion to which no response is required.

38. The allegations of paragraph 38 of the Complaint refer to a written document which speaks for itself and to which no response is required. Ditech denies any allegations inconsistent with that written document.

39. The allegations of paragraph 39 of the Complaint refer to a written document which speaks for itself and to which no response is required. Ditech denies any allegations inconsistent with that written document.

40. Paragraph 40 of the Complaint is an incorporation paragraph to which no response is required. To the extent that a response is deemed required, Ditech incorporates all preceding paragraphs of this Answer as if fully set forth herein.

*Count 1 – Confirmation Order*

41. Paragraph 41 contains conclusions of law to which no response is required. The allegations of paragraph 41 also refer to a written document which speaks for itself and to which no response is required. Ditech denies any allegations inconsistent with that written document.

42. The allegations of Paragraph 42 of the Complaint are denied as stated.

43. The allegations of Paragraph 43 of the Complaint are denied as stated.

44. Paragraph 44 contains conclusions of law to which no response is required. To the extent a response is deemed required, Ditech denies the allegations.

45. Paragraph 45 contains a conclusion of law to which no response is required. To the extent that a response is required, Ditech denies that it did not reinstate the mortgage upon completion of the case as required by the plan. The remaining allegations are denied.

46. Ditech denies the allegations of this paragraph.

47. Ditech denies the allegations of this paragraph.

WHEREFORE, Ditech requests that this Honorable Court enter an Order denying Plaintiff's request for relief, dismissing the Complaint with prejudice, and awarding Ditech's costs of suit, including attorneys' fees, together with any other relief the Court may deem just and equitable.

*Count 2 – Discharge Injunction*

48. Paragraph 48 contains a conclusion of law to which no response is required. To the extent a response is deemed required, Ditech denies the allegations.

49. Paragraph 49 contains a conclusion of law to which no response is required. To the extent a response is deemed required, Ditech denies the allegations.

50. Paragraph 50 contains a conclusion of law to which no response is required. To the extent a response is deemed required, Ditech denies the allegations.

51. Paragraph 51 contains a conclusion of law to which no response is required. To the extent a response is deemed required, Ditech denies the allegations.

52. Ditech denies the allegations of this paragraph.

WHEREFORE, Ditech requests that this Honorable Court enter an Order denying Plaintiff's request for relief, dismissing the Complaint with prejudice, and awarding Ditech's costs of suit, including attorneys' fees, together with any other relief the Court may deem just and equitable.

### *Count 3 – Automatic Stay*

53. Ditech lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 53 of the Complaint and therefore denies them.

54. Ditech lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 54 of the Complaint and therefore denies them.

55. Paragraph 55 contains a conclusion of law to which no response is required.

56. Ditech denies the allegations of this paragraph.

57. Paragraph 57 contains a conclusion of law to which no response is required.

58. Paragraph 58 contains a conclusion of law to which no response is required.

59. Ditech denies the allegations of this paragraph.

WHEREFORE, Ditech requests that this Honorable Court enter an Order denying Plaintiff's request for relief, dismissing the Complaint with prejudice, and awarding Ditech's costs of suit, including attorneys' fees, together with any other relief the Court may deem just and equitable.

### Count 4 – Fair Debt Collections Practices Act

60. Paragraph 60 contains a conclusion of law to which no response is required. To the extent a response is deemed required, Ditech denies the allegations.

61. The allegations of paragraph 61 contain legal conclusions to which no response is required. To the extent a response is required, Ditech denies those allegations.

62. Ditech lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 62 of the Complaint, as stated, and therefore denies them.

63. The allegations of paragraph 63 contain legal conclusions to which no response is required. To the extent a response is required, Ditech denies those allegations.

64. The allegations of paragraph 64 contain legal conclusions to which no response is required. To the extent a response is required, Ditech denies those allegations.

65. Ditech denies the allegations of this paragraph.

66. Ditech denies the allegations of this paragraph.

67. The allegations of paragraph 67 contain legal conclusions to which no response is required. To the extent a response is required, Ditech denies those allegations. The allegations of paragraph 67 of the Complaint refer to written documents which speak for themselves and to which no response is required. Ditech denies any allegations inconsistent with those written documents.

68. Ditech denies the allegations of this paragraph.

WHEREFORE, Ditech requests that this Honorable Court enter an Order denying Plaintiff's request for relief, dismissing the Complaint with prejudice, and awarding Ditech's costs of suit, including attorneys' fees, together with any other relief the Court may deem just and equitable.

- 9 -

Case 5:17-ap-00164-JJT  Doc 10  Filed 11/10/17  Entered 11/10/17 16:45:14  Desc
Main Document  Page 9 of 13

### Count 5 – Fair Credit Extension Uniformity Act

69. Paragraph 69 contains a conclusion of law to which no response is required. To the extent a response is deemed required, Ditech denies the allegations.

70. Ditech denies the allegations of this paragraph.

71. Ditech denies the allegations of this paragraph.

72. Ditech denies the allegations of this paragraph.

73. Paragraph 73 contains a conclusion of law to which no response is required. To the extent a response is deemed required, Ditech denies the allegations.

74. Ditech denies the allegations of this paragraph.

75. Ditech denies the allegations of this paragraph.

76. Ditech denies the allegations of this paragraph.

WHEREFORE, Ditech requests that this Honorable Court enter an Order denying Plaintiff's request for relief, dismissing the Complaint with prejudice, and awarding Ditech's costs of suit, including attorneys' fees, together with any other relief the Court may deem just and equitable.

### V. Jury Trial Demand

This section is a statement of Plaintiff's jury demand. No response is required.

WHEREFORE, Ditech requests that this Honorable Court enter an Order denying Plaintiff's request for relief, dismissing the Complaint with prejudice, and awarding Ditech's costs of suit, including attorneys' fees, together with any other relief the Court may deem just and equitable.

## AFFIRMATIVE DEFENSES

For its affirmative defenses, Ditech adopts and incorporates the statements in its Answer and, in further support thereof, states as follows:

### FIRST AFFIRMATIVE DEFENSE
(Failure to State a Claim)

The Complaint fails to state a claim upon which relief can be granted against Ditech.

### SECOND AFFIRMATIVE DEFENSE
(No Damages)

Plaintiff's claims fail or are barred, in whole or in part, because Plaintiff did not suffer any injury or damages by reason of the alleged acts or omissions set forth in the Complaint.

### THIRD AFFIRMATIVE DEFENSE
(Mitigation of Damages)

Plaintiff's claims fail or are barred, in whole or in part, because Plaintiff failed to take proper and reasonable steps to mitigate or avoid the supposed damages allegedly suffered, the alleged damages are otherwise speculative, not cognizable and not recoverable, and the damages allegedly incurred by Plaintiff, if any, should be reduced accordingly or eliminated entirely.

### FOURTH AFFIRMATIVE DEFENSE
(Res Judicata)

Plaintiff's claims are barred by the doctrine of *res judicata*.

### FIFTH AFFIRMATIVE DEFENSE
(Fault of Others)

If Plaintiff suffered or sustained any loss, injury, damage or detriment, the same was directly and proximately caused and contributed to by the breach, conduct, acts, omissions, activities, carelessness, recklessness, negligence, and/or intentional misconduct of others, and not by Ditech.

### SIXTH AFFIRMATIVE DEFENSE
(Intervening Acts)

If Plaintiff suffered or sustained any loss, injury, damage or detriment, the same was directly and proximately caused and contributed to by the intervening acts of others, and not by Ditech.

### SEVENTH AFFIRMATIVE DEFENSE
(No Intent)

Ditech did not act with any willfulness, oppression, fraud, or malice towards Plaintiff.

### EIGHTH AFFIRMATIVE DEFENSE
(Justification)

Ditech was justified and/or privileged in taking the actions alleged in the Complaint.

### NINTH AFFIRMATIVE DEFENSE
(Innocent Mistake)

Any alleged acts or omissions of Ditech that gave rise to Plaintiff's claims are the result of innocent mistake.

### TENTH AFFIRMATIVE DEFENSE
(Right to Assert Affirmative Defenses)

Ditech reserves the right to assert additional affirmative defenses based upon further investigation and discovery.

### ELEVENTH AFFIRMATIVE DEFENSE
(Counterclaims and Cross-Claims)

Ditech expressly reserves all rights with respect to all counterclaims or cross-claims that may be revealed during the course of discovery or through Ditech's investigation.

**JURY DEMAND**

Ditech requests a trial by jury on all issues so triable.

## NO CONSENT TO HAVE FINAL ORDERS AND JUDGMENTS ENTERED BY BANKRUPTCY JUDGE

At this time, Ditech does not consent to having final orders and judgments entered by the Bankruptcy Court.

WHEREFORE, Ditech requests that this Honorable Court enter an Order denying Plaintiff's request for relief, dismissing the Complaint with prejudice, and awarding Ditech's costs of suit, including attorneys' fees, together with any other relief the Court may deem just and equitable.

Respectfully submitted,

REED SMITH LLP

Dated: November 10, 2017   By:   */s/ Jodi L. Hause*_____
Jodi L. Hause (PA I.D. #90625)
jhause@reedsmith.com
20 Stanwix Street
Pittsburgh, PA 15222
Tel: (412) 288-3330
Fax: (412) 288-3063

*Counsel for Ditech Financial LLC*