## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE:

COLLEEN TRACY RICHNER,

Debtor

COLLEEN TRACY RICHNER,

Plaintiff

v.

DITECH FINANCIAL, LLC,

Defendant

CHAPTER 13

CASE NO. 5:12-bk-02881-JJT

ADVERSARY NO. 5:17-ap-00164-JJT

## BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE

### Introduction

Plaintiff filed a complaint, alleging that Defendant violated various bankruptcy provisions and consumer protection statutes. Plaintiff's complaint totaled 76 paragraphs. Defendant thereafter filed an answer. Defendant's answer did not properly respond to 32 of the 76 paragraphs in the complaint. Plaintiff has filed a motion to strike the insufficient allegations, and she now files this brief in support.

### Argument

Prior to 2007, the pleading standard for a plaintiff in federal court was quite liberal: a complaint should only "be dismissed for failure to state a claim [if] it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46

1

(1957). However, in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court abrogated this prior standard, and held that a pleading must now be "plausible on its face" in order to survive a motion to dismiss. The Supreme Court made it clear that the cost of discovery was an important factor in reaching this decision. *See Twombly*, 550 U.S. at 558 ("it is one thing to be cautious before dismissing an antitrust complaint in advance of discovery, but quite another to forget that proceeding to antitrust discovery can be expensive.")(internal citation omitted); *Iqbal*, 556 U.S. at 678-79 ("Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."). Thus, based on these two Supreme Court decisions, the pleading stage of a lawsuit—including both the complaint and the answer—became more important, as it provided the parties with a way to easily challenge allegations through a motion to dismiss, and to limit discovery through properly pleaded allegations and responses.

Recently, the standard for *discovery* changed. On December 1, 2015, the Federal Rules of Civil Procedure were amended to reduce the scope of discovery. Previously discovery was available even of information that would not be admissible at trial, so long as the information sought was reasonably calculated to lead to the discovery of admissible evidence. However, beginning on December 1, 2015, discovery was significantly circumscribed. It is now only allowed where the information sought is a "nonprivileged matter that is relevant to any party's claims

2

or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1).

Thus, after the Supreme Court decisions discussed above, and the change to the

discovery rules, there can be no doubt that it is now harder for a plaintiff to open

the door to discovery, and, once that door is opened, it is nowhere near as wide as it

previously was.

The change in the scope of discovery demonstrates why defendants should be

required to comply with *their* pleading obligations. Oftentimes, defendants refuse to

answer allegations, claiming that an allegation is a legal conclusion which does not

require a response. Or, defendants may refuse to admit to the contents of

documents, claiming that the document may speak for itself. However, neither of

these responses are appropriate. Instead, when responding to an allegation, a

defendant has only three choices: (1) admit, (2) deny, or (3) state that the party

lacks knowledge or information sufficient to form a belief about the truth of the

allegation, which has the same effect as a denial. Fed. R. Civ. P. 8(b).[1] By failing to

proceed in the correct manner, defendants force plaintiffs to engage in discovery on

issues that should not be controversial, but which the defendant has improperly

refused to admit. And, because the discovery standard now requires a

proportionality analysis, a plaintiff may never be able to obtain the information

necessary to support an allegation if the amount in controversy is low and the cost

of obtaining the needed discovery is high. Thus, not only do defendants' pleading

---

[1] Federal Rule of Civil Procedure 8 applies to adversary proceedings pursuant to
Federal Rule of Bankruptcy Procedure 7008.

3

games force plaintiffs to waste time and money engaging in unnecessary discovery, a defendant's failure to comply with Rule 8 may ultimately shield it from ever having to produce discovery that information if the discovery would be expensive or otherwise not proportional to the needs of the case.

In the present case, Defendant's answer contains 32 improper responses to Plaintiff's allegations. Even if Plaintiff were to use just one interrogatory to attempt to obtain the information that was the subject of each of these allegations, she would exceed the presumptive limit of 25 interrogatories. She would have no remaining interrogatories to discover other information needed to prove the less obvious aspects of her case. *See* Fed. R. Civ. P. 33(a)(1).

Defendant's improper responses can be categorized as follows: (1) responses which state that a document speaks for itself,[2] and (2) statements indicating that a response is not required on the basis that an allegation is a legal conclusion, or which deny allegations only to the extent that the allegations do *not* constitute a legal conclusion.[3] Each of these responses are inappropriate, and should be stricken.[4]

---

[2] ¶¶ 8 – 10, 13 – 15, 18 – 25, 27, 28, 30, 31, 34, 35, 38, 39, 41, 67.

[3] ¶¶ 1, 16, 17, 33, 37, 61 – 64.

[4] In her motion, Plaintiff also objected to paragraphs 42, 43, 65, and 66 of Defendant's answer. Plaintiff withdraws her challenge to those paragraphs.

4

*1. Objections on the basis that the document speaks for itself.*

Defendants often respond to discovery requests and allegations in a complaint by stating that a referenced "document speaks for itself." Such a response is not appropriate. Perhaps Judge Shadur from the Northern District of Illinois said it best, when he quipped that:

> This Court has been attempting to listen to such written materials for years (in the forlorn hope that one will indeed give voice)—but until some such writing does break its silence, this Court will continue to require pleaders to employ one of the three alternatives that *are* permitted by Rule 8(b) in response to all allegations about the contents of documents (or statutes or regulations).

*State Farm Mut. Auto. Ins. Co. v. Riley*, 199 F.R.D. 276, 279 (N.D. Ill. 2001). However, Judge Shadur is far from alone when it comes to criticizing the practice of claiming that a document speaks for itself. *See, e.g., Valley Forge Ins. Co. v. Hartford Iron & Metal, Inc.*, 2015 WL 5730662, at *3 (N.D. Ind. Sept. 30, 2015)(striking responses that a document speaks for itself from an answer); *F.D.I.C. v. Stovall*, 2014 WL 8251465, at *11 (N.D. Ga. Oct. 2, 2014)(holding that "[s]tating that a document 'speaks for itself ' is nonsensical and completely contrary to the Federal Rules of Civil Procedure." Also stating, when discussing the phrase that a document speaks for itself: "A pox upon these words. They have no place in a proper response-whether it be made in response to discovery requests or an allegation in a complaint or counterclaim."); *Do It Best Corp. v. Heinen Hardware, LLC*, 2013 WL 3421924, at *6 (N.D. Ind. July 8, 2013)(striking responses which indicate that a document speaks for itself); *Thompson v. Ret. Plan for Employees of S.C. Johnson &*

*Sons, Inc.*, 2008 WL 5377712, at \*2 (E.D. Wis. Dec. 22, 2008)("Rule 8 does not

permit a defendant to respond that the document 'speaks for itself.'").

The clear weight of authority holds that a response to an allegation stating

that a "document speaks for itself" is not appropriate.[5] As a result, the Court should

strike the paragraphs of Defendant's answer identified in footnote 2.

2. *Refusals to answer on the basis that an allegation constitutes a legal conclusions, or which only deny an allegation to the extent the allegation is <u>not</u> a legal conclusion.*

Defendant also responds to a number of allegations by first stating that a

response is not required because it believes that the allegation constitutes a legal

conclusion. And, after making this proclamation, Defendant then states that if the

allegation is *not* a legal conclusion, the allegation is denied. These responses are

also improper. Rule 8(b) "permits only three possible responses to a complaint: (1)

admission; (2) denial; or (3) a disclaimer statement in compliance with Rule 8(b)'s

provision for lack of knowledge or information, which is deemed a denial." *Lane v.*

*Page*, 272 F.R.D. 581, 602 (D.N.M. 2011). Thus, "Rule 8 does not permit a defendant

to respond only by stating that the plaintiff's allegations 'constitute conclusions of

---

[5] Even if this Court were to disagree with the clear weight of authority, and hold that a response stating that the document speaks for itself is appropriate if the allegation involves the *content* of a document, it should still strike many of Defendant's allegations. For example, as part of Plaintiff's allegations, paragraphs 10, 13, 14, 18, 19, 21, 24, 27, 30, 34, and 38 of the complaint essentially request Defendant to admit that the referenced documents are authentic. Obviously, it is impossible to determine, just from reading a document, whether the document is authentic. Based on Defendant's failure to properly respond to these allegations, Plaintiff will have to conduct discovery into the authenticity of these documents—even though there is likely no legitimate basis for Defendant to deny their authenticity.

6

law.'" *Thompson v. Ret. Plan for Employees of S.C. Johnson & Sons, Inc.*, 2008 WL 5377712, at \*1 (E.D. Wis. Dec. 22, 2008); s*ee also State Farm Mut. Auto. Ins. Co. v. Riley*, 199 F.R.D. 276, 278 (N.D. Ill. 2001)("Another regular offender is the lawyer who takes it on himself or herself to decline to respond to an allegation because it 'states a legal conclusion.' That of course violates the express Rule 8(b) requirement that *all* allegations must be responded to."). Thus, not responding to an allegation on the basis that the allegation constitutes a legal conclusion is impermissible.

Defendant is also not saved by its conditional statement that the allegation is denied if the allegation was not a legal conclusion. These types of "qualified denials" are inappropriate because the parties and the Court have no way to determine if an allegation actually is admitted or denied. *See, e.g., Gaeta v. Mercer Belanger Prof'l Corp.*, 2017 WL 4564376, at \*1 (N.D. Ind. Oct. 13, 2017)("courts addressing 'to the extent that' language in responses have similarly concluded that they do not meet the pleading requirements of Rule 8. . . . Because there is no way for the Court to determine what facts Defendants are actually admitting or denying, striking the answers . . . is appropriate."); *see also Reis Robotics USA, Inc. v. Concept Indus., Inc.*, 462 F. Supp. 2d 897, 907 (N.D. Ill. 2006)(holding that qualifying "language is equivocal and serves to confuse the issues that are in dispute."); *Trustees of Auto. Mechanics Local No. 701 Pension & Welfare Funds v. Union Bank of California, N.A.*, 2009 WL 4668580, at \*1 (N.D. Ill. Dec. 2, 2009)(*sua sponte* opinion holding that qualifying language of "'to the extent' is a telltale tipoff that [a party] has failed

to comply with the notice pleading requirements that the federal system imposes on defendants as well as plaintiffs.").

Thus, the Court should strike the paragraphs of Defendant's answer identified in footnote 3, because the paragraphs do not comply with Rule 8.

## CONCLUSION

The paragraphs identified in footnotes 2 and 3 do not comply with Rule 8. As a result, the Court should grant Plaintiff's Motion to Strike.

*s/ Brett Freeman*

Brett Freeman
Bar Number PA308834
Attorney for Plaintiff
SABATINI LAW FIRM, LLC
216 N. Blakely St.
Dunmore, PA 18512
Phone (570) 341-9000
Facsimile (570) 504-2769
Email bfecf@sabatinilawfirm.com

## CERTIFICATE OF SERVICE

Service is being effectuated via the CM/ECF system.

*s/ Brett Freeman*

Brett Freeman

8