IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | |
| COLLEEN TRACY RICHNER, | Chapter 13 |
| Debtor. | Case No.: 5:12-bk-02881-JJT |
| | Adversary No: 5:17-ap-00164-JJT |
| COLLEEN TRACY RICHNER, | |
| Plaintiff, | Related to Doc. Nos.: 12 & 14 |
| vs. | |
| DITECH FINANCIAL, LLC, | |
| Defendant. | |

**BRIEF IN SUPPORT OF OPPOSITION TO PLAINTIFF'S
MOTION TO STRIKE ANSWER**

**I.    INTRODUCTION**

On September 26, 2017, Plaintiff Colleen Tracy Richner ("Plaintiff") commenced this litigation against Defendant Ditech Financial LLC ("Ditech" or "Defendant"), one of the secured creditors in Plaintiff's underlying Chapter 13 bankruptcy case and the servicer of Plaintiff's home mortgage loan (the "Mortgage Loan"). The Complaint is premised upon allegations that Ditech misapplied payments in the underlying case. On November 10, 2017, Ditech filed its Answer and Affirmative Defenses.

Plaintiff filed a Motion to Strike pursuant to Federal Rule of Civil Procedure 12(f) asking the Court to strike, with leave to re-plead, 33 of Ditech's responses on the basis that they were insufficiently pled pursuant to Federal Rule of Bankruptcy Procedure 7008(a) and Federal Rule of Civil Procedure 8(b).[1] Plaintiff's argument is premised on a hypothetical burden to be borne

---

[1] Plaintiff initially objected to 37 of Ditech's answers. Upon filing her brief, Plaintiff withdrew her objection as to four of the responses (paragraphs 42, 43, 65 and 66).

1

in discovery that assumes Plaintiff will need to submit discovery requests related to each of the allegedly improper responses.[2] Plaintiff claims, without support, that unless supplemented, Ditech's answers will result in the wasting of time and money and may impede Plaintiff from obtaining evidence in discovery to support the allegations necessary to prove her claims.

First, Plaintiff is incorrect that Ditech "did not properly respond" to various allegations in the Complaint by failing to indicate whether such allegations were (1) admitted, (2) denied, or (3) Ditech lacked sufficient knowledge to respond, in part or in whole. For nearly all of the paragraphs Plaintiff identified, Ditech did make one of those three responses while also noting legal conclusions or that allegations referenced documents. Crucially, no position of Ditech's on any disputed issue is unclear.

Second, the bulk of the allegedly offending responses relate to events or filings from the underlying bankruptcy case, including the pleadings of Plaintiff and Ditech and, remarkably, Orders of Court. The procedural history is evident in the bankruptcy docket and the dispute is straightforward. Any discovery necessary in this case is limited, at best, to allegations regarding informational statements Plaintiff received following the parties' resolution of all bankruptcy-related matters. Accordingly, Plaintiff's basis to challenge the sufficiency of Ditech's answers has virtually nothing to do with claims at issue in this litigation. The standard for striking a pleading pursuant to Rule 12(f) is strict and requires a showing a prejudice. Plaintiff cannot establish prejudice to warrant the exceptional remedy she requests.

Moreover, Plaintiff's complaints of wasted time and money are valid but misplaced. Ditech shares Plaintiff's concerns about the cost of unnecessary litigation; however, Plaintiff's actions in the underlying bankruptcy case as well as this case – including but not limited to – the

---

[2] Notably, it is not until page four in Plaintiff's argument section that she even references Ditech's responses; the first three pages consist of a general grievance regarding the hardships plaintiffs face in federal courts.

2

lack of merit for the Motion to Strike demonstrate that it is *Plaintiff* who is the offending party. For the reasons set forth below, Plaintiff's Motion to Strike should be denied. To the extent the Court deems any of its answers insufficient and prejudicial, Ditech respectfully requests the opportunity to amend its responses.

## II. RELEVANT PROCEDURAL HISTORY

On May 10, 2012, Plaintiff filed a voluntary petition for relief under chapter 13 at docket number 12-bk-02881 ("Bankruptcy Case"). Since the outset of Bankruptcy Case and this proceeding, Plaintiff's counsel has not changed. On October 29, 2012, a proof of claim was filed by Bank of America, N.A., successor by merger to BAC Home Loans Servicing, LP f/k/a Countrywide Home Loans, Inc. ("Bank of America") with respect to the Mortgage Loan, evidencing pre-petition arrears in the amount of $33,813.01 (the "Claim"). Pursuant to Notices of Transfer of Claim filed on July 19, 2013, May 20, 2014, and March 3, 2017, the Claim was subsequently transferred from Bank of America to EverBank, from EverBank to Green Tree Servicing, LLC, and from Green Tree Servicing, LLC to Ditech.

A chapter 13 plan, proposing to pay the arrears in the plan and post-petition payments outside the plan, was confirmed. On February 16, 2017, the Chapter 13 Trustee filed a Notice of Final Cure Payment pursuant to Fed. R. Bankr. P. 3002.1(f) (the "Notice"). According to the Notice, the arrears claim was paid in full and Ditech was directed to file and serve a statement as a supplement to its Claim indicating (1) whether it agreed the arrears claim was paid in full and (2) whether the Debtor was otherwise current with the ongoing payments. If post-petition payments were not current, Ditech was to itemize payments unpaid as of the statement date.

On March 7, 2017, Ditech filed its Response to Notice of Final Cure Payment (the "Response") as a supplement to the Proof of Claim. The Response acknowledged the arrears claim was paid but stated that $3,025.12 was past due through March 2017. The itemization

3

Case 5:17-ap-00164-JJT    Doc 15    Filed 12/29/17    Entered 12/29/17 22:42:34    Desc
Main Document    Page 3 of 12

attached to the Response indicated that Debtor's currently monthly payment was $2,028.77, a partial payment was credited to the February payment, and no payment was yet received for March 2017.

On March 28, 2017, Debtor filed a Motion to Determine Final Cure and Mortgage Payment (the "<u>Motion to Determine Final Cure</u>") and sought a determination as to the accuracy of the Response and a determination that the debtor's next mortgage payment was due June 1, 2017.  On May 5, 2017, Ditech filed an Amended Response to Notice of Final Cure Payment ("<u>Amended Response</u>") which stated that, as of May 5, 2017, the next mortgage payment was due August 1, 2017.  Not satisfied with the Amended Response, Plaintiff continued to prosecute the Motion to Determine Final Cure necessitating an Emergency Motion for a Protection Order filed by Ditech on May 9, 2017.  The dispute was finally resolved by stipulation approved by the Court on May 11, 2017, whereby the parties agreed that the Motion to Determine Final Cure and the Emergency Motion for a Protective Order were withdrawn.

Following the resolution of the bankruptcy issues in May 2017, Plaintiff alleges that she received four post-bankruptcy informational statements from Ditech, two of which contained incorrect "due dates", and giving rise to the claims against Ditech as set forth in the Complaint.

**II.      OPPOSITION TO THE MOTION TO STRIKE**

Notwithstanding the lengthy introductory discourse regarding federal pleading and discovery generally, Plaintiff's motion appears to be based on the premise that Ditech's answers will cause Plaintiff undue hardship.  Plaintiff claims that if Ditech's answers are not "corrected," she will be forced to engage in unnecessary discovery on issues that she asserts Ditech improperly refused to admit which should "not be controversial" and claims that she "may never be able to obtain the information necessary to support an allegation if the amount in controversy is low and the cost of obtaining the needed discovery is high."  Plaintiff claims that Ditech's

4

Answer forces her to "waste time and money engaging in unnecessary discovery" and remarkably that Ditech's responses "may ultimately shield it from ever having to produce discovery… ." Plaintiff claims that since Ditech improperly answered 33 allegations, she would be unable to obtain that information through discovery since the improper responses exceed the number of interrogatories permitted under Rule 33(a)(1).[3] Plaintiff concludes that Ditech's pleading forces her to "waste time and money engaging in unnecessary discovery".

As explained further below, Plaintiff's reasoning is faulty, the hypothetical discovery dilemma is unfounded, and the drastic remedy of striking Ditech's answers is unwarranted.

### A. Legal Standard

Federal Rule of Civil Procedure 12(f) provides that a court "may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."[4] Fed. R. Civ. P. 12(f). A Rule 12(f) motion to strike is the primary means to objection to an insufficient affirmative defense. *Balon v. Enhanced Recovery Co., Inc.*, 316 F.R.D. 96, 98 (M.D. Pa. 2016) (citations omitted). While courts have discretion in considering Rule 12(f) motions, such motions are strongly disfavored and should be denied unless the allegations are unrelated to the dispute, may be prejudicial to one of the parties, or cause confusion of the issues in the case. *Id*. (citations omitted). The benchmark for deciding a motion to strike is prejudice. *Id*. (citations omitted). Unless the alleged insufficiency is "clearly apparent' a motion to strike should not be granted. *Id*., quoting *Steward v. Keystone Real Estate Grp., LP*, 2015 WL 1471320, at *5 (M.D. Pa. 2015). While the purpose of Rule 12(f) is to advance the

---

[3] "Unless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts. Leave to serve additional interrogatories may be granted to the extent consistent with Rule 26(b)(1) and (2)." Fed. R. Civ. P. 33(a)(1).

[4] Rule 12(f) is applicable to adversary proceedings under Federal Rule of Bankruptcy Procedure 7012(b).

administration of justice, the standard to strike is stringent so that "even where the challenged material is redundant, immaterial, impertinent, or scandalous, a motion to strike should not be granted unless the presence of the surplusage will prejudice the adverse party." *Ferraraccio v. Guardian Home and Community Services, Inc.*, CIV.A. 3:14-177, 2015 WL 518578, at *3 (W.D. Pa. Feb. 6, 2015) (citations omitted).

Federal Rule of Civil Procedure 8(b), as incorporated by Federal Rule of Bankruptcy Procedure 7008, contains the general rules for pleadings, including defenses, admissions, and denials. Fed. R. Civ. P. 8 (b). In responding to the substance of allegations, "a denial must *fairly* respond to the substance of an allegation." Fed. R. Civ. P. 8 (b)(2) (emphasis added). With respect to general and specific denials Rule (8)(b)(3) provides: "A party that intends in good faith to deny all allegations of a pleading...may do so by a general denial. A party that does not intend to deny all the allegations must either specifically deny designated allegations or generally deny all except those specifically admitted." If a party intends to deny only part of an allegation, it "must admit the part that is true and deny the rest." Fed. R. Civ. P. 8 (b)(4).

Rule 8(d) states that "no technical form is required." Fed. R. Civ. P. (8)(d)(1). When Rule 8(b) is construed together with 8(d), a defendant's responsive pleading must make the plaintiff aware of those "allegations in the complaint that stand admitted and will not be in issue at trial and those that are contested and will require proof to be established to enable the plaintiff to prevail." *Ferraraccio v. Guardian Home and Community Services, Inc.*, 2015 WL 518578, at *4 (quoting 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1380 (3d ed. 2004)). Accordingly, the federal rules require only "plain notice" and an answer is only insufficient if it fails to give plaintiff reasonable notice of those allegations that will be at issue in the case. *Id.* (holding that "denied as stated" complied with Rule 8 because it sufficiently put

6

plaintiff on notice of contested allegations of the complaint that will require the plaintiff to provide evidence as to those claims). *See also In re Supermarkets of Cheltenham*, 1999 WL 260956, *6 n. 16 (Bankr. E.D. Pa. 1999) (unlike Pennsylvania state court practice general denials such as "denied as stated" are permitted in federal pleadings). Finally, Rule 8(e) requires that pleadings be "construed so as to do justice."

### B. Plaintiff Has Not Satisfied the Strict Standard for Striking Ditech's Answers Based on the Reasoning Set Forth in the Motion to Strike.

Even if the form of Ditech's answers is not technically in compliance with Rule 8(b), there is no basis to strike the answers under Rule 12(f). In order to prevail on the Motion to Strike, Plaintiff must demonstrate that Ditech's answers cause prejudice or cause the issues in the case to be confused. As stated above, the issues in this case are narrow and straightforward. In fact, the majority of the allegations relate to events or pleadings of record in Plaintiff's Bankruptcy Case. Other than voicing general dissatisfaction with the discovery rules, Plaintiff's only potential basis to strike Ditech's answer is to theorize that Ditech's failure to adequately respond to 33 allegations *may* impede discovery and cause unnecessary litigation.[5] Notwithstanding her ability to obtain information through requests for admissions, requests for production of documents, and depositions, the limitation on the number of interrogatories permitted under the rules is not absolute. Even if Plaintiff's hypothetical scenario could possibly be construed as to cause prejudicial harm, the motion fails because no actual prejudice exists.

### 1. Ditech's Answer Sufficiently Puts Plaintiff on Notice of the Relevant Contested Paragraphs of the Complaint.

In addition to Plaintiff's inability to demonstrate prejudice required under Rule 12(f), Ditech's answers are sufficiently responsive pursuant to Rule 8(b), (d), and (e). The purpose of

---

[5] Since the initial filing of this proceeding, Ditech has attempted to resolve the litigation extrajudicially, but Plaintiff has steadfastly refused to participate in settlement discussions and even opposed Ditech's simple motion for an extension of time to respond to the Complaint.

7

Rule 8 is to provide the plaintiff with reasonable notice of those allegations that will be contested at trial and will require proof to establish the plaintiff's claims. Ditech's answers do not run afoul of the rules. The controversy in this case is clear. In fact, nearly all of the relevant procedural history for this litigation involves filings, pleadings, and orders that are already part of the bankruptcy record. The bankruptcy matters, as reflected in the docket, were concluded in May 2017. Consequently, the need for discovery is limited to Plaintiff's allegations regarding the informational statements sent to Plaintiff following the parties' resolution of all bankruptcy-related matters in May 2017 until September 2017 when Plaintiff filed her Complaint. Accordingly, Plaintiff's basis to challenge the adequacy of Ditech's responses is virtually unrelated to Plaintiff's notice of the claims at issue in this litigation. It is disingenuous for Plaintiff to claim that she is without reasonable notice of the claims in controversy in this case.

In addition, Plaintiff is incorrect to state that Ditech "did not properly respond" to the allegations in the Complaint by failing to indicate whether such allegations were (1) admitted, (2) denied, or (3) Ditech lacked sufficient knowledge to respond, in part or in whole. For nearly all of the paragraphs Plaintiff identified, Ditech did make one of those three responses while also noting legal conclusions, to which Ditech denied, or noting allegations that referenced documents, to which Ditech denied to the extent the allegations were *inconsistent* with the document. *See* Answer ¶¶ 1, 8-10, 13-25, 27-28, 30-31, 33-35, 37-39, 41, 61-64, and 67. Ditech's responses therefore complied with the federal "plain notice" requirement.

### 2. Plaintiff Does Not Need to Engage in Discovery Regarding Pleadings Filed in the Underlying Bankruptcy Case.

Plaintiff is not required to adduce evidence in support of filings in the Bankruptcy Case to support the claims in this proceeding. Accordingly, Plaintiff's purported concerns regarding interrogatories necessary to establish, for example, the date of docketed court filings, are a

8

Case 5:17-ap-00164-JJT  Doc 15  Filed 12/29/17  Entered 12/29/17 22:42:34  Desc
Main Document  Page 8 of 12

distraction insufficient to support the extraordinary remedy requested. As stated above, the procedural history preceding the Complaint is almost exclusively contained in the bankruptcy record. The events in the Bankruptcy Case are a matter of public record, and Plaintiff's counsel here and in the Bankruptcy Case are the same. Only Plaintiff's characterization of those events and legal conclusions as to Plaintiff's claims are potentially in dispute.

Plaintiff moves to strike at least 13 answers that relate solely to pleadings filed in the underlying bankruptcy case, including Orders of Court. *See Complaint* ¶¶ 8-10, 13-15, 18-23, and 41. These paragraphs, in large part, introduce pleadings and orders of record in Plaintiff's Bankruptcy Case as exhibits to the Complaint. In general, Ditech responded to this type of allegations by stating that the document speaks for itself and does not require a response. Each response also, in accordance with Rule 8, included a general denial of the allegation to the extent it is inconsistent with the written document. Paragraphs 13 and 21 of the Complaint and Answer are illustrative of this point:

| 13. On February 16, 2017, the trustee served Defendant with a Notice of Final Cure Payment. A copy of this document is attached as <u>Exhibit B</u>. *Complaint* ¶ 13. | 13. The allegations of paragraph 13 of the Complaint refer to a written document which speaks for itself and to which no response is required. To the extent a response is deemed to be required, Ditech denies any allegations inconsistent with that written document. *Answer* ¶ 13. |
|---|---|
| 21. On May 11, 2017, the Court entered an order approving a stipulation that the parties had filed. A copy of this order is attached as <u>Exhibit F</u>. *Complaint* ¶ 21. | 21. The allegations of paragraph 21 of the Complaint refer to a written document which speaks for itself and to which no response is required. Ditech denies any allegations inconsistent with that written document. *Answer* ¶ 13. |

When the 13 allegations referencing bankruptcy pleadings are removed, the 20 remaining allegedly insufficient answers are well within the discovery parameters of Rule 33(a)(1).

9

In *Ferraraccio v. Guardian Home and Community Services, Inc.*, the plaintiff made a failed attempt to proffer a similar argument to strike "denied as stated" responses to relevant paragraphs. 2015 WL 518578, at *4. There, the plaintiff argued that she would be required to use at least 15 of her 25 interrogatories to obtain "information that should have been provided by [d]efendants' responses." *Id*. (internal citations omitted). In denying the plaintiff's motion to strike, the court held that the plaintiff was not limited to use of interrogatories as a means to discover information. *Id*. Assuming that Plaintiff even needs to seek discovery on events and filings to which she was a party in the Bankruptcy Case, the same is true here.

Thus, Plaintiff cannot plausibly assert that Ditech's answers will hinder or impair her ability to discovery information in support of her allegations. On this basis alone, Plaintiff cannot demonstrate that she will suffer prejudice and has not met the standard necessary for a motion to strike.

### 3. Plaintiff's Actions Alone, in this Adversary Case and the Underlying Bankruptcy Case, Have Caused Unnecessary Litigation.

Ditech shares Plaintiff's concerns about unnecessary litigation. Unfortunately, it is Plaintiff and not Ditech who has established a record of behavior, including aggressive tactics and lack of professional cooperation, directly causing additional litigation and increased expenses without justification. The Motion to Strike is only the latest example of this behavior – all of which is of record in the Bankruptcy Case and in this adversary proceeding.

In the Bankruptcy Case, Plaintiff filed a Motion to Determine Final Cure and aggressively sought to depose a representative from Ditech on abbreviated notice. After Ditech filed an Amended Response to Notice of Final Cure Payment, which evidenced that Plaintiff was actually paid *ahead*, Plaintiff still refused to cancel the deposition and forced Ditech to file an Emergency Motion for Protective Order.

Upon received two allegedly incorrect informational statements after the bankruptcy related dispute was resolved by stipulation, Plaintiff immediately commenced this litigation even though the amount that she alleges was misapplied is just two payments. To date, Plaintiff has refused to respond to reasonable requests for a settlement demand. Further, when counsel for Ditech sought an extension of 30 days to investigate and respond to the Complaint and explore options for resolution, Plaintiff did not consent. Thereafter, Ditech filed a Motion for Extension of Time to Respond to the Complaint seeking an extension of a mere 14 days to file a response.

Despite the fact that the Ditech requested an extension for a period shorter than that which Plaintiff withheld consent, Plaintiff filed an Objection to Defendant's Motion to Extend Time. Quoting Bankruptcy Rule 1001, Plaintiff objected to Ditech's request for an additional 14 days to respond to the Complaint because "the rules of procedure must 'be construed to secure the just, *speedy*, and inexpensive determination of every case and proceeding." Ditech was then forced to file a Reply in Support of Extension of Time to Respond to the Complaint, resulting in a full set of briefing on an issue that could have been resolved through professional cooperation.

Plaintiff's actions in the Bankruptcy Case and in the instant litigation have proven to be the opposite of that required under Bankruptcy Rule 1001, particularly in light of the fact that Plaintiff has simply refused to ever provide Ditech with a settlement demand – both in the adjudication of the Motion to Determine Final Cure filed in the Bankruptcy Case and now multiple times in this adversary proceeding. Plaintiff's unnecessary filings have served only one purpose – increasing litigation expense and causing delay, the very issues Plaintiff claims necessitate this latest round of superfluous briefing.

## III. CONCLUSION

For all of the foregoing reasons, Ditech respectfully requests that the Court deny Plaintiff's Motion to Strike. Alternatively, Ditech respectfully requests leave to amend its Answer.

Respectfully submitted,

REED SMITH LLP

Dated: December 29, 2017      By:     */s/ Jodi L. Hause*_____
Jodi L. Hause (PA I.D. #90625)
jhause@reedsmith.com
20 Stanwix Street
Pittsburgh, PA 15222
Tel: (412) 288-3330
Fax: (412) 288-3063

*Counsel for Ditech Financial LLC*