IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER THIRTEEN |
| COLLEEN TRACY RICHNER, | : | BANKRUPTCY NO.: 5-12-bk-02881-JJT |
| DEBTOR | : | |
| COLLEEN TRACY RICHNER, | : | {**Nature of Proceeding**: Plaintiff's Motion to Strike (Doc. #12)} |
| PLAINTIFF | : | |
| vs. | : | |
| DITECH FINANCIAL, LLC, | : | |
| DEFENDANTS | : | **ADVERSARY NO.: 5-17-ap-00164-JJT** |

# OPINION[1]

The Answer and Affirmative Defenses to the Complaint filed at adversary docket #10 was met by Plaintiff's Motion to Strike. (Doc. #12) Plaintiff asserts that Defendant did not properly respond to 32 of the 76 paragraphs of the complaint. The responses were characterized by the Plaintiff as follows: (1) responses which state that a document speaks for itself (see answers to ¶¶ 8-10, 13-15, 18-25, 27, 28, 30, 31, 34, 35, 38, 39, 41, 67), and (2) statements indicating that a response is not required on the basis that an allegation is a legal conclusion (see answers to ¶¶ 1, 16, 17, 33, 37, 61-64). Plaintiff asserts, because each of these responses are inappropriate under the applicable rules of procedure, they should be stricken.[2]

---

[1] Drafted with the assistance of Richard P. Rogers, Career Law Clerk.

[2] Plaintiff withdrew the objections to Defendant's answers to ¶¶ 42, 43, 65, and 66. See Plaintiff's Brief in Support of Motion to Strike at fn. 4 (Doc. #14).

In support of her position, Plaintiff draws this Court's attention to the pleading requirements of Federal Rule of Civil Procedure 8, as made applicable to adversary proceedings, by Federal Rule of Bankruptcy Procedure 7008. Additionally, Plaintiff asserts, if the improper answers to the various paragraphs of the complaint were to stand, the Plaintiff would be severely prejudiced in her attempt to determine exactly what elements of her adversary complaint were being put into issue by the improper answers. Furthermore, she would expend exorbitant funds in relation to the possible award she might receive because of the extensive discovery which Plaintiff would have to initiate. In response, the Defendant argues that any prejudice to the Plaintiff and costs associated with the prosecution of the complaint falls squarely on the shoulders of the Plaintiff because the responses to the paragraphs of the complaint are within the parameters of pleading requirements under the Federal Rules of Civil Procedure.

In addressing the pleading requirements under the Federal Rules of Civil Procedure as made applicable to federal bankruptcy proceedings, the Court finds much guidance from the United States District Court for the Middle District of Pennsylvania in the case of *Kegerise vs. Susquehanna Township School District*, 321 F.R.D. 121 (M.D. Pa. 2016). Therein is the following written by Judge Caldwell:

> Fed. R. Civ. P. 8(b) governs how a party is to respond to a pleading. In pertinent part, the party must "admit or deny the allegations asserted against it . . . ." Rule 8(b)(1)(B). "A party that intends in good faith to deny all the allegations of a pleading . . . may do so by a general denial." Rule 8(b)(3). Otherwise, the party "must either specifically deny designated allegations or generally deny all except those specifically admitted." Id. "A party that intends in good faith to deny only part of an allegation must admit the part that is true and deny the rest." Rule 8(b)(4). "A party that lacks knowledge or information sufficient to form a belief about the truth of an allegation must so state, and the statement has the effect of a denial." Rule 8(b)(5). "An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is

not denied. If a responsive pleading is not required, an allegation is considered denied or avoided." Rule 8(b)(6).

I now turn to the distinct answers to determine whether they meet the pleading requirements of Federal Rule of Civil Procedure 8. I will first address the objections to those answers which assert that the allegations of the particular paragraph consist of legal conclusions to which no answer is required but, to the extent an answer is deemed required, the allegations are denied. Initially, I note agreement with Judge Caldwell that any reliance by the Defendant on Federal Rule of Civil Procedure 8(b)(6) is misplaced because a response is always deemed required to the allegations of a complaint. See Federal Rule of Bankruptcy Procedure 7012(a) and its counterpart under Federal Rule of Civil Procedure 12(a)(1)(A). "Defendants are simply incorrect in contending that they could respond to conclusions of law by asserting no response is necessary." See *Kegerise vs. Susquehanna Township School District*, 321 F.R.D. at 124 (citations omitted). The requirement of Rule 8(b) that a party respond to an allegation by admitting it, denying it, or stating a lack of knowledge to form a belief about the truth of the allegation, applies even when the "party has made 'a sweeping conclusion of law,' . . . ." *Id*.

The determination, however, in this matter becomes more apparent on its face when a review is made of those several paragraphs referenced above in which the answer was that the allegations of the particular paragraph consisted of legal conclusions. The Court has reviewed each of the allegations in paragraphs 1, 16, 17, 33, 37, and 61-64, and finds that each sets forth factual allegations and not conclusions of law. With this determination comes a finding that the answers to the above-referenced paragraphs of the complaint do not meet the pleading requirements of the Federal Rules of Civil Procedure.

I will now address Plaintiff's objections to those paragraphs of the complaint referenced above in which the answer recites that the paragraph of the complaint refers to a written document which speaks for itself and, therefore, no response is required. A determination on these particular objections is a bit more problematic. Should the answer have only indicated that the paragraphs refer to a written document which speaks for itself and to which no responses was required then the answer would be deemed insufficient on its face. *Id.* at 124 citing to *Lebster v. Nu–Way Transit, Inc.*, 2000 WL 1848989 (N.D. Ill. Dec. 18, 2000). Here, the answer goes further, however, to indicate that to the extent a response is deemed to be required, the Defendant denies any allegations inconsistent with that written document. Again, we note, in the situation of an answer to a complaint, a response is always deemed required by the Defendant. I have found no support that a defendant properly answers an allegation in a complaint by answering that a written document speaks for itself and thereby requires no response. In an article by Josh Sundloff entitled, THE DOCUMENT SPEAKS FOR ITSELF: "A POX UPON THOSE WORDS", 29-OCT Utah B.J. 30 (September/October, 2016), the author speculates that this type of objection was made in conjunction with the best evidence rule when a witness was asked to read from a document during a trial or hearing and that over time, the objection found its way into federal pleading practice.

I have reviewed each allegation of the complaint which was met by the response that the document speaks for itself and did not need to be answered and find, again, that each corresponding paragraph of the complaint contained factual allegations which must be answered by the Defendant. In this regard, the answers put forth by the Defendant to each and every one of the challenged responses were insufficient under the pleading requirements of Federal Rule of

[K:\Cathy\Opinions-Orders filed 2018\5-17-ap-00164-JJT_Richner pdf]    4

Case 5:17-ap-00164-JJT    Doc 25    Filed 03/01/18    Entered 03/01/18 15:37:21    Desc
Main Document    Page 4 of 5

Civil Procedure 8. We remind the Defendant, when responding to a pleading, it must admit or deny the allegations asserted against it, and a denial must fairly respond to the substance of the allegation.

Following the Court in the *Kegerise vs. Susquehanna Township School District* case, I will not deem the challenged allegations admitted by the Defendant. I will strike the answers as requested and grant the Defendant twenty-one (21) days from the date of this Opinion and Order to file an amended answer.

My Order will follow.

By the Court,

_____
John J. Thomas, Bankruptcy Judge (CMP)

Date: March 1, 2018